White, C. J.
We find no error in the judgment.
The controlling question in the ease is, whether the right •of the assured to exchange the policy for a paid-up non-forfeiture policy, is limited to the time during which the policy is in force.
The plaintiff bases his right to recover on the ground that the right is not thus limited. His position is that the right to make the exchange is absolute, and may be exercised as well after the policy has become forfeited as before •such forfeiture.
By the policy, the company, in consideration of the payment of the first premium and of the provisions in the *227 policy for the future payment of premiums, insure the life of the assured in the amount of five thousand dollars, for and during the continuance of his life, the payment of premiums to cease aften ten years.
The provision in regard to the exchange is, that after two or more of the annual premiums have been fully paid, •the policy may be exchanged for a paid-up non-forfeiture policy, for an amount equal to the sum of one-tenth of the amount insured for each and every premium which shall have been so paid.
Following the foregoing provision of the policy is the condition, “ that if the amount of any annual premium herein provided for is not fully paid, with interest due •thereon, on the day and in the manner so provided for, then this policy shall be null and void and wholly forfeited.”
There is also a condition that in case the policy “becomes null and void, all payments made thereon, and all dividends and credits accruing therefrom and remaining unpaid, shall be forfeited to the company.”
A further condition is, that if any note, check, or draft (other than the usual premium note for one-half of the annual premium) shall be given in payment or part payment of any premium, and such note, cheek, or draft shall not be paid according to the provisions thereof, then the policy shall become immediately void, and the company be ■thereby released from all obligations under it.
It seems to us from these provisions, that the right of the policy-holders to make the exchange is required to be exercised during the life of the policy.
The object of the provision authorizing'the exchange •was to enable the policy-holder to exchange the conditional liability of the company on the existing policy for a policy •on which the liability would be unconditional, and thus relieve himself from the payment of future premiums.
It Avas not the intention of the parties, in the event of the policy becoming void on default in the payment of premiums, that it should still-remain good as a policy pro tanto, *228 for the premiums which had been paid. No such intention is found in the terms of the policy. The stipulation is. merely for an exchange. Moreover, such an intention would be contrary to the express condition, that if the-policy became void, all payments which had been made-thereon should be forfeited to the company.
The term “ non-forfeiture,” printed on the margin of the-policy, and the indorsement on the back of the policy, can not vary the plain meaning of the terms of the contract; and no charge is made against the company of practicing any fraud or imposition in issuing the policy.

Leave refused. .